```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION
```

JOE MACK CURRY                                              PLAINTIFF

VS.                               CIVIL ACTION NO. 4:08CV105TLS-JCS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; J.R. BROWN;
TIME INSURANCE COMPANY F/K/A FORTIS;
CORVEL HEALTHCARE CORP. F/K/A PORTIS
HEALTHCARE CORP.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Joe Mack Curry to remand pursuant to 28 U.S.C. § 1447, and the motion of defendant J.R. Brown pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. These motions have been fully briefed, and the court, having considered the parties' memoranda of authorities, concludes that plaintiff's motion to remand should be denied and defendant Brown's motion to dismiss should be granted.

On July 17, 2007, plaintiff filed suit against State Farm Mutual Automobile Insurance Company (State Farm) and J.R. Brown in the Circuit Court of Jasper County, Mississippi, Second Judicial District, seeking to recover actual and punitive damages from State Farm based on its alleged wrongful denial of benefits under a policy of medical insurance procured by plaintiff through State Farm, and seeking to recover damages from Brown based on allegations that at the time Brown recommended the subject health insurance policy to plaintiff, he negligently failed to advise

plaintiff of the specific procedures the policy would cover. Subsequent to the filing of his original complaint, plaintiff learned that the policy at issue was actually issued by Fortis Insurance Company, now known as Time Insurance Company. Accordingly, on August 11, 2008, plaintiff filed an amended complaint adding Time Insurance Company and Corvel Healthcare Corporation f/k/a Fortis Insurance Company as defendants.

On September 17, 2008, within thirty days of service on Time and Fortis, defendants removed the case on the basis of diversity of citizenship, asserting that the amount in controversy exceeds $75,000, as required for diversity jurisdiction, and that J.R. Brown, the only nondiverse defendant, was fraudulently joined. Plaintiff timely removed to remand, following which Brown moved to dismiss for failure to state a viable claim for relief against him. In his motion, plaintiff argues that defendants' removal was improvident for two reasons, the first that Brown was not fraudulently joined, and the second because defendants' removal violated 28 U.S.C. § 1446(b), which imposes a one-year time limit on diversity removals.

> As the Fifth Circuit recently summarized,
>
> There are two bases on which the district court might determine that a plaintiff improperly joined a non-diverse defendant to defeat subject matter jurisdiction: "(1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) inability to establish a cause of action." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Under the second prong, the court must determine whether "there is arguably a reasonable basis for predicting that state law might impose liability." Id. The standard for

2

> judging fraudulent joinder claims is well-established:
> "[a]fter all disputed questions of fact and all
> ambiguity in the controlling state law are resolved in
> favor of the non-removing party, the court determines
> whether that party has any possibility of recovery
> against the party whose joinder is questioned."
> Carriere v. Sears Roebuck & Co., 893 F.2d 98, 100 (5th
> Cir. 1990). "This means that there must be a *reasonable*
> possibility of recovery, not merely a *theoretical* one."
> Campbell, 509 F.3d at 669 (quoting Ross v.
> Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003)).

Kling Realty Co. Inc. v. Chevron USA Inc., 2008 WL 5243889, 2 (5th Cir. 2008). The court looks to plaintiff's state court complaint to determine whether there is a reasonable possibility of recovery.

In his complaint and amended complaint, plaintiff alleges that he has for many years relied and depended upon the office of J.R. Brown, a State Farm agent, for his insurance needs, whether automobile or real property. In June 2005, he met with J.R. Brown about purchasing health insurance. Brown advised Curry to purchase a particular type of State Farm policy. Based on Brown's advice, plaintiff applied for the insurance recommended by Brown and a policy was thereafter issued. Plaintiff subsequently learned that the policy was an Assurant health insurance policy underwritten by Time Insurance Company. On November 5, 2005, while the policy was in effect, plaintiff was admitted to South Mississippi Regional Medical Center (SMRMC) to have kidney stones removed and upon admittance, provided his insurance information. On December 28, SMRMC notified him by letter that State Farm had rejected coverage for the procedure. On January 19, 2006,

3

plaintiff received correspondence from Assurant stating his policy had been rescinded effective June 10, 2005. Later, in July 2006, he received a letter from State Farm stating that the surgical procedure he had undergone was not eligible for coverage.

Based on these facts, after alleging that the corporate defendants wrongfully denied coverage and rescinded the policy, plaintiff purports to assert a claim against Brown for "negligent advice," declaring as follows:

> That Brown held himself out to have superior knowledge of the issues of insurance, and Curry placed his confidence and faith in Brown, but Brown gave negligent advice to Curry, by not advising him of what procedures, if any, his particular insurance policy would cover, and as a direct result of the negligent advice given by Brown, Curry was injured.

Plaintiff has no reasonable possibility of establishing a claim against Brown for providing "negligent advice." As Brown notes in his own motion to dismiss, to maintain a claim for negligence, plaintiff must show that Brown owed him a legal duty, that he breached that duty, and that plaintiff was injured as a result. Here, there is no allegation that Brown misrepresented the policy to Curry, but rather only that Brown failed to affirmatively advise him of "what procedures, if any, his particular policy covered." Manifestly, the law does not impose on an insurance agent some amorphous duty to advise a prospective insured as to all the procedures a policy will or may cover. Perhaps because he recognizes that such an abstract claim for "negligent advice" lacks merit as a matter of law, plaintiff, in his motion to remand

4

and his response to Brown's motion to dismiss, has sought instead to characterize his complaint as alleging a claim against Brown for negligence in the procurement of his insurance policy.[1] Plaintiff notes, and defendants admit, that Mississippi recognizes a tort claim against an insurance agent for "negligent procurement of insurance." See, e.g., McKinnon v. Batte, 485 So. 2d 295, 297 (Miss. 1986) (under Mississippi law, an insurance agent who undertakes to procure insurance for a customer has a duty to exercise reasonable care in procuring the coverage requested and will be independently liable if he negligently procures inadequate coverage); Simpson v. M-P Enterprises, Inc., 252 So. 2d 202, 207 (Miss. 1971) (recognizing "rule a well-settled rule that if an agent or broker with a view of being compensated agrees to procure insurance for another and through fault or neglect fails to do so, he will be liable for any damage that results thereby"); Haggans v. State Farm Fire & Cas. Co., 803 So. 2d 1249, 1252 (Miss. Ct. App. 2002) (recognizing duty of insurance agent to exercise reasonable diligence in obtaining policy conforming to request of the insured). However, as defendants correctly point out, the cases that recognize this tort involve allegations that the agent either failed altogether to procure coverage or the policy procured by the agent did not provide the coverage requested by the insured. See, e.g., Campbell v. Dalton, No. 2:98CV184-B-B,

---

[1] Plaintiff argues that he has "made a claim against [Brown] for negligent advice in the procurement of the subject insurance policy."

5

1999 WL 33537166, 2-3 (N.D. Miss. Sept. 16, 1999) (complaint alleged that agent failed to procure a $1,000,000 umbrella policy specifically requested by plaintiffs); Lovett v. Bradford, 676 So. 2d 893, 894-96 (Miss. 1996) (agent failed to disclose previous fire loss reported by insured during application process); Taylor Machine Works, Inc. v. Great American Surplus Lines Ins. Co., 635 So. 2d 1357, 1361-62 (Miss. 1994) (agent breached duty to insured by removing a loss from coverage under policy); McKinnon, 485 So. 2d at 297 (agent breached his duty to insureds by failing to inform them about the proper flood zone classification of their property); Ritchie v. Smith, 311 So. 2d 642 (Miss. 1975) (complaint contained allegations that agent negligently procured policy from foreign insurance company not authorized to issue insurance outside state of its domicile); Security Ins. Agency, Inc. v. Cox, 299 So. 2d 192, 194-95 (Miss. 1974) (agent was negligent in failing to notify insureds that policy would not be renewed). Here, there is no question but that plaintiff sought a health insurance policy that Brown procured a health insurance policy for him; and there is no allegation that plaintiff requested any specific type of health insurance or that he informed Brown that he sought coverage for any specific health ailments or concerns. The court concludes, therefore, that plaintiff has alleged no facts that could reasonably support a finding that Brown breached any duty to him in procuring coverage for plaintiff. It follows that Brown has been fraudulently

6

joined. See Eaton ex rel. Jumper v. American Family Life Assur. Co. of Columbus, Ga., No. Civ. A. 1:98CV284-D-D, 1998 WL 911759, 3 (N.D. Miss. 1998) (question whether case states cognizable claim against defendant determined by reference to allegations made in original pleadings, and court need not resolve whether claim has been stated under legal theory not alleged in complaint) (citing Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 262 (5th Cir. 1995)).

Although no viable claim has been stated against Brown, plaintiff argues that case still must be remanded because defendants' notice of removal was untimely, having been filed more than one year after plaintiff's original complaint was filed. Section 1446(b), which governs the timing of removal, provides,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

By the terms of the statute, the one-year time limit on removals based on diversity jurisdiction applies only "if the case stated by the initial pleading is not removable." See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 885-87 (5th Cir. 1998) (one-year limitation for removal of diversity cases under § 1446(b) applies only to state court cases that are not initially removable when filed); see also Badon v. RJR Nabisco, Inc., 224 F.3d 382, 388-91

7

(5th Cir. 2000) ("We have clearly held that the 'except' clause applies only to cases governed by the second paragraph of section 1446(b), 'i.e, only to cases that are not initially removable'") (citing Deshotel). Given that Brown was fraudulently joined, as the court concludes supra, this case was initially removable and removal was therefore not improper due to the one-year time limit of § 1446(b).

A more interesting question is whether the removal was procedurally defective because it violated the "first-served" rule and "rule of unanimity." In the Fifth Circuit, "[e]ven if there are multiple defendants, the general rule is that [i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal." Deshotel, 142 F.3d at 887 n.4 (5th Cir. 1998) (quoting Brown v. Demco, Inc., 792 F.2d 478, 481 & n.11 (5th Cir. 1986)). The "revival exception" to the thirty-day removal deadline recognizes that if a complaint is amended "so substantially as to alter the character of the action and constitute essentially a new lawsuit," an otherwise-lapsed right to removal may be revived. Johnson v. Heublein Inc., 227 F.3d 236, 241 (5th Cir. 2000). The Fifth Circuit has indicated that the addition of a new defendant revives the right to remove. See Braud v. Transp. Serv. Co. of Ill., 445 F.3d 801, 805 (5th Cir. 2006) (holding that addition of a new defendant through amendment

8

"'changes the character of the litigation so as to make it substantially a new suit' because ... the addition of the new defendant commences the lawsuit as to it"). However, there appears to be some question as to how or whether the first-filed rule and rule of unanimity apply when a new defendant is added more than thirty days after the first defendant was served. One lower court has suggested that the rule of unanimity will operate to prevent removal in that circumstance.

In Air Starter Components, Inc. v. Molina, 442 F. Supp. 2d 374, 378 (S.D. Tex. 2006), the court recognized that the filing of the plaintiff's amended petition "opened a new window of removal" for the three defendants added in that petition. Id. The court held, though, that "the first-served defendant rule followed in the Fifth Circuit still frustrates their right to remove." Id.

Another court in dicta has suggested a contrary conclusion. In Haywood v. Tribeca Lending Corp., 2006 WL 2708578, 2 (N.D. Miss. 2006), although the court concluded that the plaintiff had waived procedural objections by failing to timely raise them, it nevertheless opined that under the revival exception, as indicated in Braud, the addition of a defendant entitled that defendant to remove, and stated that "[t]his would appear to be an exception to the 'first served rule' as enunciated in Brown v. Demco, Inc., 792 F.3d 478, 481 (5th Cir. 1986)."

This court need not consider the issue, however, because plaintiff did not timely identity this as a potential procedural

9

defect (and in fact, has not raised this issue at all).  Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  A procedural defect is waived if a plaintiff fails to raise the defect by motion within 30 days of removal.  <u>Haywood</u>, 2006 WL 2708578 at 2 (citing <u>Denman by Denman v. Snapper Div.</u>, 131 F.3d 546, 548 (5th Cir. 1998), and <u>In re Shell Oil Co.</u>, 932 F.2d 1518, 1523 (5th Cir. 1991)).

Based on the foregoing, therefore, it is ordered that plaintiff's motion to remand is denied.  It is further ordered that defendant Brown's motion to dismiss is granted.

SO ORDERED this 29th day of January, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE
